REMAND / JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 25-4420-GW-BFMx | Date | June 18, 2025 |
|---|---|---|---|
| Title | 7980 Sunset Associates v. Nunzio Donato Ciaraulo, et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBER - ORDER GRANTING MOTION TO REMAND; VACATING HEARING

*Pro se* defendant Nunzio Donato Ciaraulo ("Defendant") removed this unlawful detainer action[1] to this Court on May 16, 2025. Before this Court could *sua sponte* take action in response to that removal, plaintiff 7980 Sunset Associates ("Plaintiff") filed a motion to remand the matter to the Superior Court of California for the County of Los Angeles, seeking attorneys' fees and costs as part of that motion. For the reasons expressed below, the Court grants the motion, but denies the request for fees/costs, and vacates the June 26, 2025, hearing set for the motion.

Federal courts possess limited jurisdiction, having such jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction bears the responsibility of proving otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and "[t]he removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (omitting internal citations).

---

[1] According to the motion, Defendant removed two unlawful detainer cases via a single removal. Whether or not that removal was procedurally proper or successfully removed both cases, to be clear – this order remanding this single federal case applies to any and all actions between these parties that Defendant removed, or attempted to remove, from state court.

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

*REMAND / JS-6*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4420-GW-BFMx | Date | June 18, 2025 |
|---|---|---|---|
| Title | 7980 Sunset Associates v. Nunzio Donato Ciaraulo, et al. | | |

The underlying Complaint is clearly one for unlawful detainer. *See* Docket No. 1, Exh. I. Nevertheless, Defendant asserted in his Notice of Removal that the underlying action presents federal questions (making no claim therein, or in his Opposition to this motion, to the existence of diversity jurisdiction) based on his belief that "a federal question was raised" in the case when he moved for permission "to file a Cross Complaint against the Plaintiff[]" that, if allowed, would contain – among other things – an "issue" of "Violations of the American Disabilities Act [*sic*]." Notice of Removal at 3:16-19. As he explains further in his Opposition to Plaintiff's motion, he believes "substantial federal issues" were "raised by *Plaintiff's conduct*," Docket No. 24, at 3:6 (emphasis added), and that federal jurisdiction is proper where "state *claims* necessarily implicate federal issues," *id.* at 3:9-10 (emphasis added), or where "resolution of a federal issue is a necessary and central component of *the litigation*," *id.* at 4:18-19 (emphasis added). *See also id.* at 4:22-26 (citing alleged "constitutional and federal statutory violations" that he asserts are "necessarily intertwined with Plaintiff's *eviction efforts* and the *defense* of this case") (emphases added); *id.* at 7:2-3 ("Defendant's position is not grounded solely in anticipated defenses, but in the fact that *Plaintiff's actions* give rise to constitutional and statutory violations that implicate federal law in a direct and substantial manner.") (emphasis added).

However, the issue of federal law that Defendant believes Plaintiff's "conduct" or "actions" or "the litigation," generally, raises is not pled on the face of, nor is it the basis for, Plaintiff's unlawful detainer Complaint. The only way it would come into play would be if Defendant were to raise it as a defense or counterclaim/"Cross Complaint" in the action, but – except in limited circumstances (such as complete preemption that Defendant does not assert apply here) – the basis for this Court's subject matter jurisdiction must appear on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985). A defense based on federal law does not give this Court subject matter jurisdiction, nor does a counterclaim. *See Caterpillar*, 482 U.S. at 392-93; *Vaden*, 556 U.S. at 60. Federal issues being raised by a party's "conduct" or by "the litigation" is not the issue; the matters must be raised in the plaintiff's *complaint*. Similarly, it is not the Plaintiff's "state claims" that implicate "federal issues." Such issues would only come into play by way of a defense or counterclaim, plainly.

The case authorities that Defendant relies upon in his Opposition do not support his position here, in this unlawful detainer action.[2] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005); *Gunn v. Minton*, 568 U.S. 251 (2013); *Hooks v. Clark County School*

---

[2] Though Defendant also argues that Plaintiff did not comply with its meet-and-confer obligations in advance of filing this motion, even in the unlikely event that the Court would agree with him, the Court would have *sua sponte* remanded this matter to state court. Thus, any perceived procedural error in such a regard would have had no impact on whether this case remained in federal court.

:  _____

Initials of Preparer   JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4420-GW-BFMx | Date | June 18, 2025 |
|---|---|---|---|
| Title | 7980 Sunset Associates v. Nunzio Donato Ciaraulo, et al. | | |

*District*, 228 F.3d 1036 (9th Cir. 2000); and *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983), are not unlawful detainer cases (and *Hooks* was not a removal, or jurisdiction-based, case *at all*); and they do not support the existence of federal jurisdiction based on something other than what *the plaintiff's complaint* necessarily raises/presents. *See Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 311, 314-15; *Franchise Tax Bd.*, 463 U.S. at 10-11, 13-14.

As subject matter jurisdiction is lacking for the foregoing reasons, the action is remanded to Los Angeles County Superior Court. However, the Court denies Plaintiff's request for fees and costs. Though Plaintiff's motion cites to 28 U.S.C. § 1447(c), the statutory authority for an award of fees/costs in connection with a motion to remand, it makes no effort to identify, or explain how the removal satisfies, the applicable standard. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Even if the removal arguably did satisfy that standard, the Court will not make Plaintiff's case for Plaintiff. Beyond that point, though Plaintiff had no necessary reason to know that this would occur, had Plaintiff not filed its motion to remand, the Court would have *sua sponte* remanded the case, preventing the need to accrue any attorney's fee in connection with a motion to remand. Finally, except in extreme circumstances, it is not this Court's general practice to impose fee/cost awards on *pro se* parties (who have not exhibited a past practice of errant litigation tactics), where the Court has discretion in deciding whether to do so.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | JG | |